IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00814-WYD-PAC

RE/MAX INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff(s),

v.

INCOME STRATEGIES INSTITUTE, INC., a Utah corporation; and
SIDNEY B. SPERRY, an individual,

    Defendant(s).

---

## ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

---

The Court, having considered the Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction, filed on April 27, 2006, finds that:

(1)    Plaintiff RE/MAX International, Inc. ("RE/MAX") has shown a substantial likelihood of success on the merits of its claims for trademark infringement and unfair competition under federal law and the common law of the State of Colorado, and violation of the Colorado Consumer Protection Act.

(2)    RE/MAX has demonstrated irreparable injury to its goodwill and reputation, and injury to its name and trademark as a result of Defendants' conduct in using the RE/MAX trademark without authorization and in trading off the fame, goodwill, and favorable reputation associated with the RE/MAX trademark.   RE/MAX has also demonstrated evidence of actual confusion as a result of Defendants' use of the RE/MAX

Dockets.Justia.com

trademark.

(3)    RE/MAX has demonstrated that the threatened injury to it outweighs the injury to the Defendants, as the preliminary injunction does not in any way impair Defendants' ability to continue to conduct their seminars and offer their goods and services to the public.

(4)    Issuance of an injunction would not be adverse to the public interest, as the evidence shows that the public is experiencing confusion and deception as to Defendants' misrepresentations that they are affiliated with, connected with, or sponsored by RE/MAX, all as a result of Defendants' unauthorized use of the RE/MAX Trademarks.  The right of the public not to be deceived or confused would be served by the issuance of an injunction prohibiting Defendants' use of the RE/MAX trademark.

(5)    Defendant Sperry has stipulated to entry of this Temporary Restraining Order and/or Preliminary Injunction.

(6)    Pursuant to Rule 65(c), Fed. R. Civ. P., security in the amount of $100 is ordered to be provided by Plaintiff.  This order shall take effect upon the posting of such bond.

Therefore, it is hereby

ORDERED that Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction, filed on April 27, 2006 (docket #2), is **GRANTED** as to Defendant Sidney B. Sperry.  It is

FURTHER ORDERED that:

Defendant Sidney Sperry ("Sperry") and all those in privity, concert or participation

with Sperry are temporarily, effective immediately, and preliminarily enjoined from:

(i)    imitating, copying, duplicating or otherwise making any use of the trademarks RE/MAX or REMAX ("RE/MAX Trademarks") or any mark confusingly similar to the RE/MAX Trademarks, whether orally or in written materials;

(ii)    manufacturing, producing, distributing, circulating, selling or otherwise offering of any printed material, which bears any copy or colorable imitation of the RE/MAX Trademarks;

(iii)    using any unauthorized copy or colorable imitation of the RE/MAX Trademarks in such fashion as is likely to falsely relate or connect Defendants with Plaintiff RE/MAX International, Inc. ("RE/MAX") or the RE/MAX network of franchisees and affiliated independent contractors and sales associates ("RE/MAX Network");

(iv)    using or making any false representation or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered or sold by Defendants is sponsored, approved, endorsed, connected with, approved, or authorized by RE/MAX, including but not limited to statements that Defendants have a relationship or affiliation or are sponsored by RE/MAX or the RE/MAX Network;

(v)    causing likelihood of confusion or injury to RE/MAX's business reputation and to the distinctiveness of the RE/MAX Trademarks by unauthorized use of the same or a confusingly similar mark;

(vi)    engaging in any other activity constituting unfair competition or infringement of the RE/MAX Trademarks or RE/MAX's rights in, or to use, or to exploit the same; and

(vii)    assisting, aiding or abetting another person or business entity in engaging

or performing any of the activities enumerated in subparagraphs (i) through (vi) above.


Dated:  May 1, 2006

                              BY THE COURT:


                              s/ Wiley Y. Daniel
                              Wiley Y. Daniel
                              U. S. District Judge